AO 91 (Rev. 5/85) Criminal Complaint

# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, FLORENCE, SC

2008 JUL 25 P 5: 09

UNITED STATES OF AMERICA

v.

CHRISTOPHER PATRICK DOYLE

CRIMINAL COMPLAINT

CASE NUMBER: 4:08 mj 757

(Name and Address of Defendant)

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

On or about __July 25, 2008__ in __Horry__ County, in the District of South Carolina, the defendant(s) did: Track Statutory Language of Offense.

did possess a firearm and ammunition after having been convicted of a crime punishable by imprisonment for a term exceeding one year AND possess a firearm in furtherance of a drug trafficking crime

AND

conspire to possess with intent to distribute a quantity of Oxycodone

in violation of Title __18__, United States Code, Sections(s) __922(g)(1) & 924(c)__
and Title __21__, United States Code, Sections(s) __846__

I further state that I am a(n) __DEA Task Force Officer__ and that this complaint is based on the following facts:
Official Title

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof: [X] Yes    [ ] No

_____
Signature of Complainant

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE,

July 25, 2008                                   at    Florence, South Carolina
Date                                                  City and State

Thomas E. Rogers, III, United States Magistrate Judge        _____
Name & Title of Judicial Officer                             Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT

1. PERSONALLY APPEARED before me your affiant, DAVID A. BROWN, who being first duly sworn, deposes and states as follows:

2. That he is a Narcotics Investigator with the Florence County Sheriff's Office assigned to the United States Drug Enforcement Administration as a Task Force Officer and have been so assigned since March 2006. He has been employed with the Florence County Sheriff's Office since 1997, serving the previous four years as a Crime Scene Investigator with the Criminal Investigations Division. During his tenure with Florence County, your affiant is a graduate of the South Carolina Criminal Justice Academy (SCCJA) Basic Law Enforcement Class and has attended numerous SCCJA classes that consisted of the following aspects of law enforcement: Crime Scene for Investigators, Law Enforcement Photography, and Basic Fingerprint Analysis. In addition, your affiant is a graduate of SWAT I, SWAT II, and High Risk Warrant Service offered by the International Association of Chiefs of Police (IACP). Your affiant is a graduate of the Drug Enforcement Administration (DEA) Basic Narcotic Investigator School which consisted of investigating various aspects of narcotics distribution, packaging, and money laundering as described by the Controlled Substances Act, the DEA Task Force Officer School, the DEA Asset Forfeiture School, the DEA Hidden Assets in Commercial Motor Vehicles course, and has also been certified by the DEA as a Clandestine Laboratory Entry Team member which is the basis for investigating clandestine drug manufacturing laboratories. In addition, your affiant holds a Bachelor of Science Degree in Criminal Justice from the University of South Carolina.

3. I present this affidavit in support of a criminal complaint alleging that Christopher Doyle did violate Title 18 United States Code, Section 924 (c), possession of a firearm in furtherance of drug trafficking crime, Title 18 United States Code Section 922(g)(1), possession of a firearm after having been convicted of a felony, and also Title 21, United States Code, Section 846 Conspiracy to Possess with intent to Distribute Oxycodone, a Schedule II Controlled Substance.

4. The information contained in this affidavit is either based on your affiant's personal knowledge and observations, the knowledge and observations of cooperating sources, or information relayed to your affiant by other federal agents and local Police Officers. Information and intelligence provided in the investigation by a cooperating source has proven reliable, and has been verified by physical surveillance and other investigative techniques. This affidavit is not intended to include every fact and matter known to your affiant or the United States. I have set forth only those facts necessary to support probable cause for this action.

5. On July 25, 2008 Agents/Officers of the Horry County Police Department, Drug Enforcement Administration and Internal Revenue Service executed a Federal and State Search Warrant at 5029 Pee Dee Highway, Conway, South Carolina, the residence of Christopher Doyle. At the time Officers made entry for the warrant execution, Doyle was present inside the residence.

6. During a systematic search of the residence, Agents/Officers located and seized a Benelli12 gauge Shotgun, serial #U203957 from the corner of Doyle's bedroom. Agents/Officers also seized a Mossberg 12 gauge Shotgun, serial #UM474634 and a Ruger .22 caliber rifle model #10-22, serial #244-46990 from the closet in the bedroom.

7. During the search, Agents/Officers also found in Doyle's bedroom, a small pill bottle containing two rolled up napkins, each containing a small quantity of a dark rocky type substance. The substance was field tested and proved positive for the presence of methamphetamine.

8. Located and seized inside Doyle's bedroom was a large Sentry fire proof type safe. Located inside the safe was a locked First Federal bank security bag (#543) with "Christopher Doyle" and two telephone numbers noted on an outside label of the bank security bag. Found within the bag were seven prescription pill bottles and a syringe type dispensable vial labeled as "Cyanocobalamin." Pills contained within some of the bottles were identified as Methadone and Roxycodone, a Schedule II Controlled Substance. Also seized from a miscellaneous unlabeled bottle inside a briefcase in Doyle's bedroom was a quantity of pills identified as Xanax, A Schedule IV Controlled Substance.

9. A cooperating Source, hereinafter referred to as DEA-1 was interviewed and stated to officers that DEA-1 had been employed by Doyle for approximately five months. DEA-1 stated to Officers he/she had observed Doyle in possession of a Benelli shotgun and knew Doyle to keep it inside his bedroom. DEA-1 stated he/she had been obtaining Roxycodone and Methadone from Doyle over a period of approximately the last three months. DEA-1 related Doyle would pay him/her wages for employment and would subtract an amount based upon the quantity of Pharmaceutical Controlled Substances he/she received in a week, in essence paying him/her wages in the form of Pills, (i.e. Pharmaceutical Controlled Substances).

10. During the search, Agents/Officers also seized ledgers corroborating the wage payment records of DEA-1 and other of Doyle's employees. Records were found to show individuals being paid Pharmaceutical Controlled Substances and US Currency for their employment by Doyle.

11. On September 6, 1990, Doyle was convicted of a Felony in the state of South Carolina and is prohibited from possessing a firearm.

12. Based on the information outlined in this affidavit, there is probable cause to believe that on July 25, 2008, Christopher Doyle did possess a Firearm after being convicted of a Felony, and did Possess a Firearm in Furtherance of a Drug Trafficking Crime, in Violation of Title 18, United States Code, Sections 922(g)(1) and 924(c). Furthermore, from January 1, 2008 continuing until July 25, 2008, Christopher Doyle did Conspire to Possess with intent to Distribute Oxycodone, a Schedule II Controlled Substance in violation of Title 21 United States Code, Section 846.

_____
David Brown
TASK FORCE OFFICER
DRUG ENFORCEMENT
ADMINISTRATION

Sworn to and subscribed before me
This 25th day of July, 2008
In the City of Florence, South Carolina

_____
THOMAS E. ROGERS III
UNITED STATES MAGISTRATE JUDGE